Corrected:November 06,2007

NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3095

LARRY M. SKAGGS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Gayle E. Miller, Advocacy Center for Persons With Disabilities, Inc., of Hollywood, Florida, for petitioner.  Of counsel was Mizell Campbell, Jr.

Sara B. Rearden, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Jeffrey A. Gauger, Acting Associate General Counsel.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3095

LARRY M. SKAGGS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: November 6, 2007

_____

Before BRYSON, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and KEELEY,[*] <u>Chief Judge</u>.

Opinion for the court filed by <u>Senior Circuit Judge</u> Plager.  Dissenting opinion filed by <u>Circuit Judge</u> Bryson.

PLAGER, <u>Senior Circuit Judge</u>.

Larry M. Skaggs was separated after twenty-two years of service in the Department of the Navy because he was found to be physically unable to perform the duties of his position.  Through counsel, an attorney with the Advocacy Center for Persons With Disabilities, a non-profit advocacy organization that is funded through federal grants and does not charge its clients for services, Mr. Skaggs filed an appeal with the Merit Systems Protection Board ("Board") twelve hours past the 30-day

_____

[*]        Honorable Irene M. Keeley, Chief Judge of the United States District Court for the Northern District of West Virginia, sitting by designation.

deadline. The administrative judge ("AJ") assigned to the case dismissed the appeal as untimely, finding that the attorney was negligent and therefore Mr. Skaggs failed to show good cause for the delay in filing. See 5 C.F.R. § 1201.22(c). In due course the decision of the AJ became the final decision of the Board. Mr. Skaggs timely appeals the Board's decision to this court.

Under the circumstances of this case—the petitioner relied on pro bono counsel from a Government-sponsored advocacy organization located 300 miles from his residence; the attorney missed the filing deadline by less than a day; the attorney stated that he worked diligently on the appeal in the days immediately preceding the filing day; and the agency only briefly noted the timeliness issue and proceeded to address the merits of the case—we are not comfortable summarily affirming the AJ's decision not to waive the filing deadline, particularly in view of the cursory manner in which the AJ addressed the issue. We are aware that whether the regulatory time limit for an appeal should be waived is a matter within the broad discretion of the Board. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). Nevertheless, the Board early on stated that, though there is a need for finality in personnel actions, "[t]here are strong policy considerations that employees be given a hearing on the merits of their cases and that they be ensured a fair opportunity to secure from the Board an independent review of agency action." Alonzo v. Dep't of the Air Force, 4 M.S.P.B. 262, 263 (1980). Further, the Board said that "[g]enerally, . . . in cases such as these, any doubt about whether good cause has been shown should be resolved in favor of an appellant." Id. at 266.

In his decision in this case, the AJ seems to have given little consideration to the range of factors relevant to whether good cause for delay has been shown, and seemed to focus primarily on the question of whether Mr. Skaggs' attorney may have been negligent in failing to file on time. This is too narrow an approach. See Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994).[1] We believe that Mr. Skaggs is entitled to a more thorough evaluation of whether a waiver of the time limit is appropriate in his case, and in the interest of justice we vacate the Board's dismissal of the case and remand for further consideration of whether good cause exists for the short filing delay.

---

[1] In Alonzo, the Board identified seven specific factors to be included in the consideration: (1) the length of the delay; (2) whether the employee knew of the time limit; (3) circumstances beyond the employee's control; (4) the presence or absence of negligence; (5) whether neglect was excusable neglect; (6) unavoidable casualty or misfortune; and (7) prejudice to the agency. 4 M.S.P.B. at 264. Though some of our cases subsequently seemed to focus on only one or another factor, especially whether negligence by the employee's attorney was at the root of the problem, see, e.g., Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434 (Fed. Cir. 1986), in the 1994 Walls case we expressly approved the Alonzo factor analysis, in which no one factor is determinative. That remains the law of this Circuit. The length of the delay is as important as any other factor, and should be given proper weight on remand along with the other factors.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3095

LARRY M. SKAGGS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

BRYSON, <u>Circuit Judge</u>, dissenting.

I would affirm the decision of the Board.  Mr. Skaggs had a full opportunity to explain the reason for his late filing, and he chose to do so through his attorney's affidavit.  His attorney stated that he completed Mr. Skaggs' appeal on the afternoon of June 15, 2006, but did not file it electronically until after noon on the following day, which was one day late.  The attorney failed to provide any explanation for not electronically filing the appeal on the afternoon of June 15.  The clear implication of the absence of any explanation for that conduct was that the late filing was the product of negligence or oversight.  Under those circumstances, it was not inappropriate for the administrative judge to note that the attorney provided no valid explanation for the delay and to point out that attorney negligence or oversight does not constitute a sufficient basis for waiving timeliness requirements under the Board's regulations and decisions.

By statute, the Board is entitled to prescribe procedural rules governing Board appeals. 5 U.S.C. § 7701(a). The Board has prescribed rules for timely filing of appeals and for waiving those requirements in 5 C.F.R. § 1201.22(c) of its regulations (appeal must be filed within 30 days and "will be dismissed as untimely filed unless a good reason for the delay is shown") and in 5 C.F.R. § 1201.12 (administrative judge "may, for good cause shown, waive a Board regulation"). The Board has interpreted the "good reason" or "good cause" exception to the 30-day filing requirement through case law. In its decisions, the Board has consistently held that, absent a specific reason not to attribute an attorney's conduct in handling an appeal to the appellant, attorney negligence that results in an untimely filing does not constitute good cause for the delay. See, e.g., Lands v. Dep't of the Air Force, 95 M.S.P.R. 593, 596 (2004); DePierro v. U.S. Postal Serv., 54 M.S.P.R. 251, 253 (1992); Goldberg v. Dep't of Defense, 39 M.S.P.R. 515, 518 (1989); McAdory v. Dep't of Justice, 6 M.S.P.R. 112, 114 (1981). That is true regardless of the length of the delay. See McBurnett v. Dep't of the Army, 37 M.S.P.R. 395, 397 (1988) ("Negligence on the part of an appellant or his attorney does not constitute good cause for extending a filing deadline, even when the delay is only one (1) day."); Stromfeld v. Dep't of Justice, 25 M.S.P.R. 240, 241 (1984) (same). This court has upheld the Board's determination that attorney negligence does not constitute "good cause" warranting a waiver of the timeliness requirement. Rowe v Merit Sys. Prot. Bd., 802 F.2d 434, 437-38 (Fed. Cir. 1986).

Despite being given the opportunity to do so, Mr. Skaggs has not pointed to any valid excuse for the filing delay in this case, and the record does not support any explanation other than negligence or oversight by an attorney who was working on Mr.

Skaggs' behalf.  This court's decision in <u>Walls v. Merit Sys. Prot. Bd.</u>, 29 F.3d 1578 (Fed. Cir. 1994), on which the majority relies, does not support remand here.  In <u>Walls</u>, this court criticized the Board for not considering the length of the delay in determining whether there was good cause for a pro se appellant's untimely filing of his appeal.  The court explained that the short period of the delay tended to show "not only the absence of negligence on part of petitioner but also that he demonstrated due diligence and ordinary prudence in filing the appeal within the regulatory time period as construed by him."  The court found that Mr. Walls had reasonably misinterpreted the agency's notice of the time for filing to refer to "working days" rather than "calendar days"; his short delay in filing was consistent with and supported that explanation.  In this case, by contrast, the administrative judge considered the shortness of the delay, but found that it did not strengthen Mr. Skaggs' explanation for the delay because his attorney, unlike Mr. Walls, offered no explanation for the delay that was consistent with ordinary prudence.  The shortness of the delay therefore does not serve, as it did in <u>Walls</u>, to require that we vacate the Board's finding of a lack of good cause.